IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 5:16-CR-65 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | |
| STEVEN A. CICCONE, ) | GOVERNMENT'S MOTION TO STAY |
| ) | ORDER PENDING APPEAL AND FOR |
| Defendant. ) | RECONSIDERATION |

Now comes the United States of America, by and through the undersigned counsel, and hereby files this motion to stay and for reconsideration. The United States respectfully requests that this Court stay its Order of June 18, 2019, granting Ciccone's Motion for Furlough. (Doc. 74: Order, PageID 686). Ciccone's Judgment is final, and he did not appeal it. Therefore, this Court's jurisdiction was significantly limited, and it did not have authority to order a furlough. The United States is seeking authority from the Office of the Solicitor General to file a Notice of Appeal, asking the Sixth Circuit Court of Appeals to review this Court's order.

When reviewing a motion to stay, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see also Cooey v. Strickland, 604 F.3d 939, 943 (6th Cir. 2010). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." Cooey, 604 F.3d at 943 (quoting

Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991)). "To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits." Griepentrog, 945 F.2d at 153. "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other." Id.

Applying the four factors here, the Government submits that the Court should stay its order granting Ciccone's motion for furlough.

1. **The Government is likely to succeed on the merits because the sole discretion to grant a federal prisoner temporary release lies with the BOP, and not with the court.**

In addition to the reasons previously cited in the Government's motion for reconsideration, the Government notes that this Court does not have the authority to grant Ciccone a furlough from the BOP after he has already been sentenced. That discretion lies solely with the BOP.

Title 18, United States Code, Section 3622 governs the temporary release of a federal prisoner in the custody of the BOP. The statute provides, in pertinent part, that:

> *The Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to—

18 U.S.C. § 3622 (emphasis added). The statute then lists reasons why the BOP may temporarily release an inmate, such as attending a funeral or obtaining medical treatment. Id.

Notably, the plain text of the statute grants the authority for issuing temporary releases to the BOP, and not to the court. Id. The BOP has issued regulations that govern this process. See

generally 28 C.F.R. 570.30 *et seq*. Under these regulations, a request must be made to the inmate's Warden, who will decide whether to grant or deny the request. 28 C.F.R. 570.37. If a request is denied, an inmate may appeal through the Administrative Remedy Program, 28 C.F.R. Pt. 542, Subpt. B. See 28 C.F.R. 570.37(c).

Consistent with this, the Sixth Circuit has explained that "the authority to grant furlough to federal prisoners rests solely with the Attorney General." United States v. Bradford, 872 F.2d 1029 (6th Cir. 1989) (unpublished); see also MacMullen v. Hambrick, 1 F.3d 1241 (6th Cir. 1993) (unpublished) ("The [BOP] is charged with the discretion over whether to temporarily release a prisoner for the purpose of attending a relative's funeral [and the district court] was without authority to order the release of [the prisoner] for the purpose of attending a funeral.").

Other Courts of Appeals have reached the same conclusion. See In re Radcliff, No. 12-1444, 2012 WL 5974172 (10th Cir. 2012) (unpublished) ("Without repeating the thorough analysis of the district court here, we concur in its conclusion that it is up to the BOP, not the district court, to consider whether, in its discretion, Mr. Radcliff should be granted temporary release under § 3622(a) for the purpose of visiting his daughter. Thus, his request for a writ of mandamus directed to the district court lacks a basis in law."); United States v. Premachandra, 78 F.3d 589 (8th Cir. 1996) (unpublished) ("We agree with the district court that 18 U.S.C. § 3622 vests authority to grant medical furloughs with the Bureau of Prisons (BOP), not the federal courts.").

Applied here, Ciccone is a federal prisoner in the custody of the BOP who has already been sentenced. Under the plain text of the statute and based on the above-cited case law, the sole discretion to grant or deny Ciccone a furlough lies with the BOP. For that reason, the Government submits that it would be likely to succeed on appeal on the merits.

Finally, as to the timeliness of the Government's filings, the Government notes that Ciccone filed his motion for furlough on June 17, 2019, (Doc. 73:  Motion, PageID 683–85), and the Court granted it the next day on June 18, 2019, (Doc 74:  Order, PageID 686), without giving the Government an opportunity to be heard.

**2. The remaining factors weigh in favor of granting a stay.**

The remaining three factors deal with injury to the parties and the public interest.  As noted in the Government's previous filings, Ciccone is a twice-convicted child pornographer.  He committed this federal child pornography offense involving infant children while on probation for a state child pornography offense—a probation that included a condition that Ciccone not access the internet, see (Doc. 40:  PSR, PageID 354).  Releasing Ciccone wholesale from FCI Butner in North Carolina into Mahoning County for nearly three weeks poses a significant danger to all members of the public, particularly to minor children and their families.

The Government also notes that Ciccone's civil trial is not scheduled to start until July 22, 2019, yet he has requested furlough to begin on July 15th so that he can "meet with counsel to prepare for his civil trial[.]"  (Doc. 73: Motion, PageID 683).  At minimum, staying the order until the start of Ciccone's trial on July 22nd would limit any prejudice to Ciccone.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ James P. Lewis
        James P. Lewis (MD: 1412170148)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3958

(216) 522-8355 (facsimile)
James.Lewis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ James P. Lewis
James P. Lewis
Assistant U.S. Attorney