**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:16 CR 65** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **STEVEN A. CICCONE,** | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Steven A. Ciccone's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Immediate Compassionate Release. **Doc #: 86** ("Motion"). Therein, Ciccone asks the Court for an order reducing his sentence to time served based on his age, health issues, rehabilitative efforts, and extraordinary and compelling circumstances, as defined by 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13. For the following reasons, the Motion is **DENIED**.

**I. FACTS**

On February 4, 2016, the Government filed a criminal complaint against Steven A. Ciccone for possession of child pornography, resulting in a search of his premises. Doc #: 1. On March 1, 2016, following his arrest, a one-count Indictment was issued charging Ciccone with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On August 1, 2017, the Government filed a Superseding Indictment adding a charge for receipt and distribution of visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. ¶ 2252. Doc #: 25. This latest charge carried a statutory mandatory-minimum prison

sentence of 60 months. On June 19, 2018, Ciccone entered a guilty plea to both counts pursuant to a Rule 11(c)(1)(C) Plea Agreement in which the parties agreed to the 60-month mandatory-minimum sentence and, on August 20, 2018, the Court sentenced him to 60 months followed by 10 years of supervised release.[1] As of today, Ciccone has served less than two years of his five-year sentence.

Again, Ciccone asks the Court to reduce his 60-month sentence to time served based on his age, health issues, rehabilitative efforts, and extraordinary and compelling circumstances. The Government counters that the Court lacks the proper authority to consider this motion because Ciccone has failed to exhaust his administrative remedies, and the motion lacks sufficient merit to warrant compassionate release under § 3582(c)(1)(A)(i).

## II. LAW AND ANALYSIS

Prior to the First Step Act of 2018 ("FSA"), district courts could grant compassionate release sentence reductions only upon motion by the BOP. In 2018, however, the FSA amended 18 U.S.C. § 3582(c)(1)(A) to allow district courts to modify sentences of imprisonment upon motion by the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). In other words, the amended statute provides recourse for a defendant if the BOP Director fails to respond to a defendant's compassionate release request within 30 days. *United States v. Rodriguez*, No. 2:03 CR 271, 2020 WL 1627331 at *5 (E.D. Pa. Apr. 1, 2020)

---

[1] It is worth noting that, based on a total offense level of 34 and a criminal history category of II, this Rule 11(c)(1)(C) 60-month sentence was well below the Guidelines range of 168 to 210 months. Doc #: 38 ¶ 14.

(referring to the 30-day period as a "lapse provision"). But the FSA "did not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." *United States v. Guzman*, No. 5:16 CR 41. 2019 WL 3892416, at *2 (E.D. Ky. Aug. 19, 2019), reconsideration denied, 2019 WL 4418015 (E.D. Ky. Sep. 16, 2019); *United States v. Estrada Elias*, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); *United State v. Hardin*, No. 19 CR 240, Doc #: 21 at 1-2 (Polster, J.) (N.D. Ohio Apr. 7, 2020).

In his Motion, Ciccone states, in conclusory fashion, that he "has exhausted all administrative remedies, and may now seek relief from this Court." Doc #: 86 at 4. In his Reply, Ciccone states that he has "*substantially* exhausted the administrative remedies as required by 18 USC § 3582." Doc #: 92 at 4 (emphasis added). Ciccone has failed to cite a single case allowing a defendant who seeks compassionate release to file a motion in the district court following "substantial compliance" with administrative remedies. Moreover, the only case Ciccone cites to support his position is distinguishable for multiple reasons but supports, if anything, the Government's position. *MacLennan v. United States*, No. , 2007 WL 3129893 (N.D. Ohio Oct. 23, 2007).

> As a threshold matter, federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. . . . Although Mr. Maclennan makes general statements regarding his attempts to exhaust his remedies regarding better medical care, there is no indication that he ever formally exhausted his request for compassionate release from the warden, or appealed the decision or raised an Eighth Amendment claim. Thus, he has procedurally defaulted his claims and must show cause and prejudice for the failure to exhaust.

2007 WL 3129893, at *2 (case citation omitted). Ciccone, however, points to the following language to support his position:

> Although an intentional decision not to exhaust procedural remedies generally does not constitute cause, official interference making compliance impracticable will. . . . Mr. Maclennan has not shown that the BOP has made compliance with the exhaustion requirement impracticable.

*Id.* (case citations omitted). According to Ciccone, "official interference" occurred when his administrative appeal was returned to him for lack of a signature. But the record shows that he was given instructions for exactly what he needed to do to exhaust his remedies, Doc #: 88-1, and he apparently chose not to. Accordingly, *MacLennan* does not apply and the Motion is denied for failure to exhaust administrative remedies.

Even if Ciccone had exhausted his administrative remedies, the Court would deny the motion because Ciccone has failed to satisfy the statutory conditions required for compassionate release. Under 18 U.S.C. § 3582(c)(1)(A)(i), Ciccone must set forth extraordinary and compelling reasons warranting such a reduction, and show that the reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2] There can be no doubt that Ciccone has a long list of physical ailments. However, Ciccone had virtually all of these ailments when he began serving his sentence and the record shows, if anything, that his overall condition has improved over the last two years. Furthermore, Ciccone's medical records show that the BOP can meet his medical needs and is, in fact, doing so. See Doc ##: 88 at 6-7, 88-1, 90, 91. In the Reply brief, Ciccone adds COVID-19 as another reason justifying compassionate release:

> Given [his] substantial health issues, significantly including his age and his cancer diagnosis, he is at extremely high risk to contract COVID-19. There is little question that should COVID-19 enter the BOP facility where [he] is being held it

---

[2]The Court has not referred to the only other reason warranting a sentence reduction under § 3582(c)(1)(A)(ii) because Ciccone is not 70 years old and has not served 30 years in prison.

will spread significant and could potentially cost [him] his life.

Doc #: 92 at 10. However, Ciccone fails to state that anyone at FCI Butner, where he is being held, has tested positive for COVID-19, that FCI Butner's policy addressing the virus is inadequate, or that FCI Butner's personnel are not taking proper precautions to avoid spreading the virus should it enter the facility.

Finally, even if Ciccone could show extraordinary and compelling reasons for compassionate release, the Court would deny the requested relief because he cannot show that he is <u>not</u> a danger to the community under U.S.S.G. § 1B1.13(2). Ciccone was charged by way of an Information in the Portage County Court of Common Pleas with 20 counts of pandering sexually oriented matter involving a minor (F-2) in violation of O.R.C. §§ 2907.322(A)(1), (2) and (6). On November 18, 2013, Ciccone entered a written guilty plea and, on February 18, 2014, that court sentenced him to one year of supervision in the Intensive Supervision Program and four years of General Supervision by the Portage County Adult Probation Department. Among the conditions of supervision was a no-holds-barred prohibition against access to internet activities of any manner. The federal investigation that led to Ciccone's current convictions revealed that Ciccone had internet access through Time Warner Cable that was activated on February 19, 2014–one day after he was sentenced to intensive supervision with no internet access. Moreover, at the time the FBI executed the search warrant at Ciccone's home in February 2016, he was still on supervision for his state conviction and the following items were seized: an Apple iPhone, a Dell laptop computer, an Apple iPad, an iMac computer, a Mac portable hard drive, and several compact discs. The computers and media were subsequently accessed and multiple file folders containing a plethora of child pornography pictures and videos

-5-

were found.  Accordingly, it is clear that Ciccone remains a danger to the community despite his many infirmities.

### III.    CONCLUSION

Based on the foregoing, Defendant Steven A. Ciccone's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Immediate Compassionate Release, **Doc #: 86**, is hereby **DENIED**.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster     April 14, 2020*
**Dan Aaron Polster**
**United States District Judge**